# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:17-cr-00061 |
| | Judge Trauger |
| CHARLES SCOTT CRAVENS | |

## GOVERNMENT'S SENTENCING MEMORANDUM

### I. Preliminary Statement

In Fentress County, Tennessee, the median household income is $12,800 and over half the population lives in poverty. Crime, particularly in connection with the epidemic of prescription drug abuse, is a pressing concern, and the trust the county's residents place in their local law enforcement officers is immensely important.[1] Elected county sheriffs in Tennessee are entrusted with substantial authority to keep the peace and are responsible for, among many other things, securing and supervising their county jails. Fentress County residents elected defendant Charles Cravens as Sheriff in 2006 and again in August 2014. During his most recent term, defendant Charles Cravens abused his authority when he accepted bribes in the form of sexual favors from three inmates at the Fentress County Jail in exchange for giving special treatment to those three inmates, and again when he abdicated his constitutional responsibilities and used excessive force against another inmate.

---

[1] *See* Scott Rodd, *This Is What Poverty in Jamestown, Tennessee Looks Like*, ThinkProgress, https://thinkprogress.org/this-is-what-poverty-in-jamestown-tennessee-looks-like-c8a78d2e88b3 (last visited Aug. 2, 2017) (describing drug-related violent burglary and quoting Sheriff Charles Cravens regarding the seriousness of "'the drug trade'" in Fentress County).

1

On April 20, 2017, the defendant pleaded guilty to an Information, which charged him with three counts of Honest Services Wire Fraud, in violation of Title 18, United States Code, Sections 1343 and 1346, and one count of Deprivation of Rights Under Color of Law, in violation of Title 18, United States Code, Section 242. (D.E. 1, 8.)

Defendant Charles Cravens' PSR reflects a total offense level of 21, a criminal history category of I, and an advisory guideline range of 37-46 months' imprisonment. The United States does not have any objections to defendant Charles Cravens' PSR. The PSR applies two enhancements: the vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1(b)(1) and the physically restrained victim enhancement pursuant to U.S.S.G. § 3A1.3, to the conduct underlying Count Four. Neither of these enhancements were included in the Government's Plea Agreement with defendant Charles Cravens. Although the Government believes the enhancements are appropriately applied, the Government recommends a sentence the Court sentence defendant to a term of imprisonment within the 33 to 41 months' range, which is the advisory guideline range associated with the Recommended Offense Level when combined with defendant's criminal history category as contemplated by Plea Agreement. (D.E. 8.)

For the following reasons and based on the Plea Agreement in this case, the United States respectfully submits that a sentence within the guideline range of 33 to 41 months is an appropriate sentence in this case. A sentence within this guideline range is sufficient, but not greater than necessary, to reflect the seriousness of the offense, including the defendant's abuse of power and public trust as an elected law enforcement officer, to afford adequate deterrence to criminal conduct, and to protect the public from the defendant. *See* 18 U.S.C. § 3553(a). Accordingly, the United States requests that this Court impose a sentence of imprisonment within the Guidelines range.

## II. Applicable Law

In *United States v. Booker*, the Supreme Court rendered the Sentencing Guidelines advisory, thus limiting appellate review of sentencing decisions to whether they are "reasonable." 543 U.S. 220, 260 (2005). Therefore, appellate courts review sentences "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38 (2007). This standard is used regardless of whether the sentence imposed is inside or outside the Guidelines framework. *See id*. at 50.

District courts "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Moon*, 513 F.3d 527, 538 (6th Cir. 2008) (internal quotation marks omitted). "[A]fter calculating the Guidelines, a district court is to consider the arguments of the parties with respect to the propriety of a particular sentence over another, while being guided by the statutory factors as set forth in [18 U.S.C.] § 3553(a)," and must "make an individualized assessment based on the facts presented." *Id.* (internal quotation marks omitted).

The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(7).

### III. <u>Discussion</u>

County sheriffs, like all law enforcement personnel across the country, are entrusted by the public with weighty responsibilities and afforded significant powers with which to carry out those responsibilities. In the state of Tennessee, elected county sheriffs are linchpins of their communities, with sweeping duties: put simply, "[t]he sheriff is the principal conservator of the peace in the sheriff's county." Tenn. Code Ann. § 38-3-102; *see also Tennessee ex rel. Thompson v. Reichman*, 188 S.W. 225 (Tenn. 1916) (noting that the sheriff "is the commander in chief of the law forces of the county"). Sheriffs "[a]ttend upon all the courts held in the county," Tenn. Code Ann. § 8-8-201(2)(A); "[t]ake charge and custody of the jail of the sheriff's county, and of the prisoners therein," Tenn. Code Ann. § 8-8-201(3); "[e]nforce the ordinances of a municipality" that has expressed its intent for the sheriff to do so, Tenn. Code Ann. § 8-8-201(34); and, if necessary, "summon the body of the county to [the sheriff's] aid, in order to keep the peace," Tenn. Code Ann. § 8-8-213. These responsibilities place sheriffs in positions of power and authority over ordinary citizens. Sheriffs investigate crimes, make lawful arrests, and use reasonable force in carrying out their duties. As jail administrators, sheriffs exercise great power over individual inmates, taking responsibility for their care, controlling their movements, and ensuring the security of the jail and the safety of the general public.

Sheriffs also, of course, are bound by certain constitutional limits on their conduct. As law enforcement officers and jail administrators, sheriffs are trusted to abide by limits on, among other things, their use of excessive force in their interactions with members of the public, detainees, and prisoners. *See Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013) (explaining sources of prohibitions against excessive force in Fourth, Eighth, and Fourteenth Amendments).

Defendant Charles Cravens, the elected sheriff of Fentress County, Tennessee, bore all the above-described responsibilities during his service, and he owed a fiduciary duty to his constituents to perform his duties in a manner that afforded the citizens of Fentress County their intangible right of honest services. Starting in July 2016, he broke the public's trust in him and his office when he failed to lawfully discharge his duties as sheriff and took bribes in the form of sexual favors from three female inmates in exchange for favorable treatment, including permitting them on multiple occasions to leave the jail where they were supposed to be confined. Indeed, such exploitive conduct is by itself a felony under Tennessee state law, and had it taken place in a federal prison it would have constituted a federal felony as well. Tenn. Code Ann. § 39-16-408(b) (criminalizing any "sexual contact or sexual penetration" between a law enforcement officer and an inmate); 18 U.S.C. § 2243(b).

Cravens' conduct took advantage of his position of authority. He abused his position as custodian of the jail to "summon[]" inmates to him, PSR ¶ 10, and to come and go with inmates as he pleased. He exploited his control over the inmates to induce them into a sexual relationship with him. Additionally, on multiple occasions he used a Fentress County vehicle for his sexual activities with inmates. PSR ¶ 14.

In exchange for these sexual relationships, Cravens used his position of authority to take official action on the inmates' behalf and to confer a variety of other benefits. He allowed the three inmates with whom he was having sex to leave the jail to visit relatives, sometimes taking them himself; he allowed the inmates to have smoke breaks and cigarettes, which he sometimes provided himself; and he provided food, beverages, and cash. PSR ¶ 16. He coordinated these benefits by directing the inmates to use the jail's telephone system to record messages on his personal cellular telephone: during the period of the charged scheme, Inmate 1 contacted Cravens

approximately 332 times, Inmate 2 contacted Cravens approximately 51 times, and Inmate 3 contacted Cravens approximately 349 times. (D.E. 9, ¶ 8.) The government's investigation revealed that male inmates made zero calls to defendant Charles Cravens' cellular telephone during that same period.

Defendant Charles Cravens' conduct reflected his knowledge that what he was doing was illicit. For example, after one occasion when he and Inmates 1 and 2 engaged in sexual conduct away from the jail, he instructed them to tell other jail personnel that they left the jail to haul off cornstalks and to claim that a female correctional officer had accompanied them. PSR ¶ 11. Cravens also told all three inmates with whom he was having sex to keep their relationships a secret. PSR ¶ 15.

Further, defendant Charles Cravens abused his authority and violated an inmate's constitutional right to be free from the use of unreasonable force when he kicked an inmate in the buttocks, and once restrained, used his fist to strike that inmate in the back of the head. PSR ¶ 19.

The range recommended by the Government, and contemplated by the Plea Agreement, properly takes into account several significant characteristics of the offense, including the fact that defendant Charles Cravens accepted a multitude of bribes from the three inmates, PSR ¶ 29, and the fact that he occupied a high-level position, PSR ¶ 30. Further, by virtue of their confinement in a jail that defendant Charles Cravens controlled, the inmates with whom he had sex in exchange for benefits and special privileges were especially vulnerable, and defendant Charles Cravens exploited that vulnerability for personal gain. PSR ¶ 31. Such conduct by defendant Charles Cravens constitutes significant public corruption, and any sentence should reflect the seriousness of that offense as well as afford adequate deterrence.

Based on a consideration of the § 3553(a) factors, the offense conduct, and the history and characteristics of the defendant, the United States requests the Court impose a sentence between 33 and 41 months' imprisonment. A sentence within this range accounts for the aggravating and mitigating factors set forth in § 3553(a) and the nature of this case.

**WHEREFORE**, the United States respectfully requests that this Honorable Court sentence defendant Charles Cravens in a manner that is consistent with the Government's position as set forth herein.

Respectfully submitted,

| | |
|---|---|
| JACK SMITH<br>Acting United States Attorney | ANNLOU TIROL<br>Acting Chief, Public Integrity Section<br>Criminal Division |
| By: /s/ Kathryn Risinger<br>KATHRYN RISINGER<br>Assistant United States Attorney | By: /s/ Lauren Bell /s/ Andrew Laing<br>LAUREN BELL<br>ANDREW LAING<br>Trial Attorneys, Public Integrity Section<br>Criminal Division |

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2017, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the defendant.

/s/ Kathryn Risinger
Kathryn Risinger
Assistant United States Attorney